[J-71-2018][M.O. - Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 56 WAP 2017 |
| | : |
| | : Appeal from the Order of the Superior |
| Appellee | : Court entered May 23, 2017 at No. 951 |
| | : WDA 2015, affirming the Judgment of |
| | : Sentence of the Court of Common |
| | : Pleas of Allegheny County entered May |
| v. | : 21, 2015 at No. CP-02-CR-0003205- |
| | : 2014. |
| MOLLY HLUBIN, | : |
| | : |
| Appellant | : |
| | : ARGUED: October 23, 2018 |
| | : |

## CONCURRING AND DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  MAY 31, 2019**

I join Parts I and IV of the majority opinion, and I agree that the police officer who seized Appellant at the sobriety checkpoint lacked statutory authorization to do so. Consistent with the majority's approach, I also find that the remedy of suppression is presently warranted in the constitutionally sensitive arena of suspicionless seizures.

I would not, however, effectively overrule the decision in *Commonwealth v. O'Shea*, 523 Pa. 384, 567 A.2d 1023 (1989), without advocacy on the subject.  In this regard, I have previously expressed an array of concerns with courts acting *sua sponte* to depart from precedent.  *See Freed v. Geisinger Med. Center*, 607 Pa. 225, 240-45, 5 A.3d 212, 221-25 (2010) (Saylor, J., dissenting).  From my point of view, the application

of the exclusionary rule to statutory violations, in scenarios in which suppression is not constitutionally required, should be approached as a matter of statutory interpretation (*i.e.*, did the General Assembly intend to afford the remedy of suppression?).  Absent otherwise discernable guidance from the Legislature, it does not seem to me that the *O'Shea* test -- perhaps subject to some refinement going forward to conform it more closely to principles of statutory construction -- is so misplaced as to warrant its disapproval based on premises not argued by the parties.

Justices Baer and Dougherty join this concurring and dissenting opinion.